# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

ANTHONY MONDREZ THOMPSON,
    Plaintiff,

v.

GARRETT HASSETT and JEFFREY
KONIECZNY,
    Defendants.

C.A. No. 18-669-JJM-LDA

## ORDER

Anthony Mondrez Thompson sued two Rhode Island State Police Troopers who arrested him after a traffic stop where they found large numbers of guns, ammunition, and drugs in his car. In his criminal case (*see* 1:17-cr-00064-JJM-LDA (D.R.I.)), Mr. Thompson moved to suppress this evidence claiming an illegal search, but the Court denied the motion (ECF No. 43).

The Defendants move to dismiss the complaint claiming collateral estoppel and for failing to state a claim upon which relief can be granted. For the following reasons, the Court agrees.

1. The alleged Fifth Amendment violations that Mr. Thompson raised in his Fourth Amended Complaint all relate to the propriety of his June 22, 2017 detention, including the traffic stop, search, and seizure. *See generally* ECF No. 64. Each of these issues was raised and adjudicated in the evidentiary hearing and order of the Court on the motion to suppress in Mr. Thompson's criminal matter. Collateral estoppel bars the relitigation of these issues and

thus requires dismissal of these claims. *See Ramallo Bros. Printing v. El Dia, Inc.*, 490 F.3d 86, 90 (1st Cir. 2007).

2. Additionally, Mr. Thompson's state-law claim for trespass fails under Rule 12(b)(6) of the Federal Rules of Civil Procedure because Mr. Thompson failed to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In Rhode Island, "a trespasser is '[o]ne who intentionally and without consent or privilege enters another's property.'" *Bennett v. Napolitano*, 746 A.2d 138, 141 (R.I. 2000) (quoting *Ferreira v. Strack,* 652 A.2d 965, 969 (R.I.1995) (citation omitted)). Mr. Thompson has alleged no facts to establish an intentional intrusion or interference with his personal property. Dismissal of this claim is thus required. *See Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir. 1988) (citing *Conley v. Gibson*, 355 U.S. 41, 45-48 (1957)).

For all these reasons, the Defendants' Motion to Dismiss is GRANTED with prejudice. ECF No. 65.[1]

---

[1] Mr. Thompson also filed a "Notice of Default Affidavit of Notice" and Motion to Amend. ECF Nos. 70 and 73, respectively. The Court finds the request for a default judgment improper under Fed. R. Civ. P. 55(a) and thus DENIES this request (ECF No. 70). Additionally, the proposed amended complaint would not have cured the defects in the complaint noted above, and therefore the Court DENIES the Motion to Amend (ECF No. 73).

IT IS SO ORDERED.

John J. McConnell, Jr.
United States District Judge
September 23, 2019